IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH R. WHITAKER, | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. 3:13-CV-4958-G-BK |
| | § | |
| FLAGSTAR BANK, FSB, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Judge's order of reference, this case has been referred to the undersigned for pretrial management.  Before the Court is Defendant *Flagstar Bank FSB's Motion to Dismiss Plaintiff's First Amended Complaint*, Doc. 34.  For the reasons the follow, it is recommended that Defendant's motion be **GRANTED**.

**I.  BACKGROUND[1]**

This case results from the foreclosure of Plaintiff's real property located at 1624 Tuley Street, Cedar Hill, Texas 75104 (the "Property").  Plaintiff signed a promissory note ("Note") on August 22, 2008, in favor of former defendant Continental American Mortgage Corp. ("Continental") to purchase the Property.  Doc. 31 at 2.  To secure the Note, Plaintiff contemporaneously executed a Deed of Trust, which was subsequently delivered to James L. Robinson as Trustee.  Doc. 31 at 2.  Plaintiff asserts that she twice sent Defendant written requests to substantiate its representations and claim of authority to collect her mortgage payments, and the lawful basis for such authority.  Doc. 31 at 3–4.  Defendant did not respond until May 28, 2014, in the course of this litigation.  Doc. 31 at 4, 6.

---

[1]  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  Accordingly, the Court recounts the facts as alleged in *Plaintiff's First Amended Original Complaint*.  Doc. 31.

On October 1, 2013, Defendant foreclosed upon and purchased the Property.  Doc. 31 at 4.  Defendant filed a petition for forcible detainer in Dallas County Justice of the Peace Court on November 6, 2013.  Doc. 31 at 4.  Plaintiff filed this suit in state court on December 2, 2013, in conjunction with her answer in the forcible detainer suit.  Doc. 31 at 5.  Defendant removed the case to this Court on December 20, 2013, on the basis of diversity jurisdiction.[2]  Doc. 1.

In her complaint, Plaintiff asserts claims for quiet title and declaratory judgment.  Doc. 31 at 7–8.  Specifically, Plaintiff believes Defendant does not possess an ownership interest in the Note or Deed of Trust.  Doc. 31 at 6.  Plaintiff alleges that the Note's endorsement from Continental to Defendant was signed by an employee of Defendant, not Continental, and therefore is void because Defendant never obtained title to the Note.  Doc. 31 at 6, 8.  Plaintiff avers that Mortgage Electronic Registration Systems ("MERS") had no authority to assign the Deed of Trust to Defendant because Defendant was not the lawful holder of the Note.  Doc. 31 at 6–7.  Thus, Plaintiff ultimately argues a variation of the discounted "split the note" theory.  Doc. 31 at 7.  Defendant has moved to dismiss both of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  Doc. 34.

## II.  APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or

---

[2]  The Justice Court dismissed the original forcible detainer action without prejudice.  Doc. 31 at 5.  Defendant again filed a petition for forcible detainer on February 26, 2014.  Doc. 31 at 5.  Counsel for the parties agreed to a judgment for Flagstar in exchange for no bond requirement in perfecting appeal to the Count Court at Law of Dallas County, Texas.  Doc. 31 at 5.  On a de novo appeal to County Court at Law No. 2, the court found against Defendant and dismissed the case.  Doc. 31 at 5.

contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III.  DISCUSSION

Defendant presents two grounds for dismissal of Plaintiff's complaint: (1) Plaintiff has no basis to challenge the assignment of the Note; and (2) MERS may assign the right to foreclose by assigning the Deed of Trust.  Doc. 34 at 4–6.  Plaintiff responds by distinguishing the Fifth Circuit's decision in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013) (holding that a contract fraudulently signed is not void, but voidable at the election of the defrauded principal).  Doc. 41 at 4.  Plaintiff contends that the *Reinagel* holding is inapplicable because Plaintiffs' allegations render the assignment of the Note and Deed of Trust void, not merely voidable.  Doc. 41 at 5.  Here, however, the pivotal issue to Plaintiff's claims, is whether the assignment of the Deed of Trust by MERS to Defendant was valid.  Because it clearly was, Plaintiff has failed to state a claim for relief.

To sustain a claim for quiet title, a plaintiff must show, *inter alia*, that the defendant's claim to title, although facially valid, is invalid or unenforceable.  *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991).  Here, the *Corporation Assignment of Deed of Trust*

3

evinces a valid transfer of the Deed of Trust executed by Plaintiff on August 22, 2008, to

Defendant by "Mortgage Electronic Registration Systems, Inc.," as beneficiary.[3]  Doc. 34-3 at 2.

The assignment was executed on March 10, 2011.  Doc. 34-3 at 2.  One of the rights conveyed in

the Deed of Trust is the right to accelerate the debt in the event of Plaintiff's default, and to

foreclose and sell the Property.  Doc. 34-2 at 5–6.

        Plaintiff's somewhat convoluted allegation that the Deed of Trust cannot be lawfully

assigned "because [Defendant] was not in fact the lawful holder of the Note or owner by

assignment," Doc. 31 at7, is incorrect.  In *Martins v. BAC Home Loans Servicing, L.P.*, the Court

of Appeals for the Fifth Circuit held:

> The "split-the-note" theory is therefore inapplicable under Texas law where the
> foreclosing party is a mortgage servicer and the mortgage has been properly
> assigned.  The party to foreclose need not possess the note itself.  Here, the
> mortgage was assigned to MERS, and then by MERS to BAC—the assignment
> explicitly included the power to foreclose by the deed of trust.  MERS and BAC
> did not need to possess the note to foreclose.

722 F.3d 249, 255 (5th Cir. 2013).  Thus, it makes no difference in this case whether the Note

was lawfully assigned or not, or whether such assignment is void or not, because the assignment

of the Deed of Trust by MERS reflects Defendant's authority to foreclose on the Property.

        Because this so-called "split-the-note" theory is the sole basis of Plaintiff's quiet title

claim, Plaintiff cannot show Defendant's claim to title is invalid or unenforceable.  Thus,

Plaintiff has failed to state a claim for quiet title, and this claim should be dismissed.

        With the dismissal of Plaintiff's quiet title claim, Plaintiff's declaratory judgment claim

should also be dismissed.  *See Schilling v. Rogers,* 363 U.S. 666, 677 (1960) (holding that the

---

[3]  When considering a Rule 12(b)(6) motion, a court may consider documents outside the
complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint;
and (3) central to the plaintiff's claims.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205
(5th Cir. 2007).  Here, the Note, Deed of Trust, and *Corporation Assignment of Deed of Trust* are
included in the appendix to the motion to dismiss and are central to Plaintiffs' claims.

availability of a declaratory judgment depends upon the existence of a judicially remediable right).

Finally, while ordinarily Plaintiff should be permitted to amend her complaint to cure the pleading defects, leave to amend is not required here.  Because Plaintiff's claims all stem from a debunked legal theory, the defects identified herein are clearly incurable.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002) (holding that a district court should allow the plaintiff at least one opportunity to cure pleading deficiencies "unless it is clear that the defects are incurable").  Stated a different way, Plaintiff's claims fail as a matter of law, and she simply cannot restate a cognizable claim on the facts she alleges.

### IV.  CONCLUSION

Accordingly, it is recommended that Defendant's *Motion to Dismiss Plaintiff's First Amended Complaint*, Doc. 34, be **GRANTED**.

**SO RECOMMENDED** on September 30, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE